[39 NYS3d 467]

In the Matter of Mikhail A. Shedrinsky (Admitted as Mikhail Alexander Shedrinsky), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 25, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Kathy W. Parrino* of counsel), for petitioner.

*Mikhail A. Shedrinsky,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Mikhail A. Shedrinsky was admitted to the practice of law in the State of New York by the First Judicial Department on May 22, 2000, under the name Mikhail Alexander Shedrinsky. Respondent's last registered business address was within the First Judicial Department.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of this Court, based on his failure to cooperate with the Committee's sua sponte investigation into a dishonored check drawn against his IOLA account. The Committee further seeks respondent's suspension on additional independent grounds, pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1, based on his failures to file attorney registration statements, pay registration fees, and update his business address with the Office of Court Administration (OCA).

The Committee commenced a sua sponte investigation in July of 2015 after the Lawyers' Fund for Client Protection informed the Committee that a check drawn against respondent's IOLA account in the amount of $3,800 was dishonored due to insufficient funds. From July 2015 through September 2015, the Committee sent four letters to respondent's last registered business address requesting a response to the Committee's sua sponte complaint. Respondent did not respond to any of the Committee's letters.

In October of 2015, a Committee investigator located a Bronx business address for respondent, called a telephone number associated with the address, and left a message with a receptionist asking that respondent contact him. Subsequently, on

October 2, 2015, respondent's father informed the Committee that respondent was in Russia and that he would ask respondent to contact the Committee. On October 6, 2015, the Committee received a voice mail message from respondent in which he stated that he knew the Committee was trying to reach him. However respondent did not leave any contact information. The Committee, using caller ID, attempted to contact respondent at the number he called from, but were informed that no message could be left because voice mail service had not been set up.

In June of 2016, the Committee obtained a judicial subpoena returnable July 27, 2016, for respondent's appearance and for production of his bank and bookkeeping records for his IOLA and business accounts. The Committee initially attempted to serve respondent at the Bronx business address. After service at the Bronx business address failed, the Committee successfully personally served respondent with the judicial subpoena at his home address. Subsequently, respondent failed to appear for his deposition on July 27, 2016, and to produce his IOLA and business account records, nor did he contact the Committee to request an adjournment. On July 29, 2016, the Committee mailed a letter to respondent's home address requesting that respondent promptly contact the Committee to reschedule his deposition, and warning him that if he did not do so by August 5, 2016, the Committee would seek his interim suspension based on his failure to cooperate with its investigation.

Respondent failed to respond to the Committee's letter, and other than his October 2015 voice mail message, in which he did not leave his contact information, respondent has failed to respond to any Committee communication, answer the sua sponte complaint, or produce the subpoenaed records.

The Committee further avers that respondent has not filed attorney registration statements, nor paid registration fees since the 2010-2011 biennial registration period, notwithstanding that OCA repeatedly notified him of his delinquency. Respondent has further failed to advise OCA of the change in his business address within 30 days.

Respondent's failure to reply to the Committee's inquiries and to comply with a judicial subpoena constitute professional misconduct immediately threatening the public interest which warrants suspension pursuant to 22 NYCRR 603.4 (e) (1) (i) (*see Matter of Jones*, 139 AD3d 107 [1st Dept 2016]). Furthermore, respondent's failure to file attorney registration state-

ments, pay registration fees, and update his business address with OCA, as required by Judiciary Law § 468-a (2) and 22 NYCRR 118.1 (f), are additional, independent grounds for his suspension (*see Matter of Modestil*, 142 AD3d 9 [1st Dept 2016]).

Accordingly, the motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

FRIEDMAN, J.P., ANDRIAS, RICHTER, GISCHE and KAHN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.