Matter of Frieary (2020 NY Slip Op 06358)





Matter of Frieary


2020 NY Slip Op 06358


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,J.P.,
David Friedman
Ellen Gesmer
Cynthia S. Kern
Lizbeth González, JJ.


Motion No. 2020-2901 Case No. 2020-03439 

[*1]In the Matter of Paul W. Frieary, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Paul W. Frieary, (OCA Atty. Reg. No. 1840784), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 10, 1982.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Yvette A. Rosario, of counsel), for petitioner.
Respondent pro se.



Per Curiam 


Respondent Paul W. Frieary was admitted to the practice of law in the State of New York by the Second Judicial Department on March 10, 1982. At all times relevant to this proceeding, respondent maintained a law office within the First Judicial Department.
The Attorney Grievance Committee (Committee) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1), (3), and (5), immediately suspending respondent from the practice of law based upon his failure to cooperate with the Committee's investigation of five complaints against him, uncontroverted evidence of professional misconduct, and his failure to register with the Office of Court Administration (OCA) and pay required fees.
The Committee commenced its investigation after it received a complaint from a client in August 2018. The client alleged that respondent represented her in a divorce proceeding and in the sale of her marital residence but failed to provide her with her divorce decree and to remit her full net proceeds of the sale. In December 2018, respondent submitted an answer in which he asserted that the spouse's attorney was supposed to prepare the divorce judgment papers and that a disagreement as to the division of the sales proceeds delayed their distribution. In August 2019, respondent invaded a different client's funds to pay the complainant her remaining share of the sales proceeds.
In February and April 2019, the Committee received a second and third complaint alleging that respondent accepted a down payment to be held in escrow in connection with a real estate transaction and then stopped communicating with the parties. Respondent answered the complaints and, in August 2019, invaded another client's funds in order to return the down payment.
During the course of the Committee's investigation of these complaints, the Committee sent respondent three letters between August and October 2019 attempting to arrange for his deposition. Respondent agreed to appear on November 12, 2019. Minutes before the start of the deposition, the Committee received an emailed letter from respondent requesting a three-month adjournment until February 19, 2020. By email that same day, the Committee advised respondent that it would adjourn his deposition until November 18, but that if he failed to appear on that date the Committee would seek his interim suspension. On the morning of November 18, the Committee received a faxed letter from respondent requesting an adjournment. In response, the Committee called respondent's office and, upon being informed that he was not in, left a message requesting that he contact the Committee, which he failed to do. On December 5, 2019, the Committee served respondent with a judicial subpoena that directed him to appear for a deposition on December 17, 2019. Respondent did not appear as directed and did not contact the Committee to reschedule the deposition.
Meanwhile, in November 2019 the Committee received a fourth and fifth complaint alleging that respondent represented a client in the sale of her late mother's apartment and failed to pay her the full net proceeds after the closing. Between November 2019 and January 2020, the Committee sent three letters to respondent requesting written answers to these complaints and received no response. The Committee's third letter, sent by first class and certified mail, advised respondent that his failure to answer the complaints could result in formal charges and/or his interim suspension. Respondent never answered the complaints.
By unpublished order entered August 31, 2020, this Court directed substitute service of the instant motion, and on September 8, 2020, the Committee served respondent in accordance therewith by emailing it to the email address he last registered with OCA. Respondent did not answer.
Under 22 NYCRR § 1240.9(a), an attorney who is the subject of a Committee investigation may be suspended from the practice of law on an interim basis upon a finding that the attorney has engaged in conduct immediately threatening the public interest. 22 NYCRR 1240.9(a) provides several bases for such a finding, including
(1) the respondent's default in responding to a notice to appear for examination, or pursuant to subpoena under these Rules; (3) the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation under these Rules; or (5) other uncontroverted evidence of professional misconduct."
Here, the Committee argues that it met its burden to immediately suspend respondent under 22 NYCRR 1240.9(a)(1), (3) and (5). It contends that respondent has not answered the fourth or fifth complaints against him, despite the Committee's requests that he do so, and has not complied with the judicial subpoena directing him to appear for a deposition. It further contends that respondent's bank records obtained by the Committee show that he converted and/or misappropriated clients' funds by dispersing them from escrow to both himself and to other clients. Additionally, the Committee argues that respondent's failure to register for three biennial periods is a separate basis for his immediate suspension.
The Committee presented sufficient evidence for this Court to immediately suspend respondent pursuant to 22 NYCRR 1240.9(a)(1), (3) and (5) based upon his failure to respond to the Committee's requests that he provide written answers to the fourth and fifth complaints against him, failure to comply with a judicial subpoena directing him to appear for a deposition, and based upon bank records showing that he misappropriated and/or converted clients' funds (Matter of Matic, 165 AD3d 45 [1st Dept 2018]; Matter of Kiss, 152 AD3d 129 [1st Dept 2017]). Further, respondent is delinquent in paying his attorney registration fee for three biennial periods, 2016-17, 2018-19, and 2020-21, which, pursuant to Judiciary Law § 468-a, is an independent ground for suspension (Matter of Shedrinsky, 145 AD3d 71 [1st Dept 2016]).
Accordingly, the Committee's motion should be granted and respondent is suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
It is ordered that the motion is granted and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a) (1)(3) and(5) and Judiciary Law § 468-a, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and
It is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; that respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto, all effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court. Respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which is made a part hereof, and
It is further Ordered that, within 20 days of the date of service of this decision, respondent may submit a request, in writing, to this Court for a post suspension hearing (see 22 NYCRR 1240.9[c]).
Entered. [November 5, 2020]