Matter of Espinoza (2021 NY Slip Op 05926)





Matter of Espinoza


2021 NY Slip Op 05926


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Judith J. Gische
Barbara R. Kapnick
Peter H. Moulton
Bahaati E. Pitt, JJ.


Motion No. 2021-03076 Case No. 2021-03300 

[*1]In the Matter of Rafael J. Espinoza, (Admitted as Rafael Juan Espinoza), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Rafael J. Espinoza, (OCA Atty Reg. No. 5088901.), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Rafael Juan Espinoza, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on January 16, 2013.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Norma I. Melendez, of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Rafael J. Espinoza was admitted to the practice of law in the State of
New York by the Second Judicial Department on January 16, 2013, under the name Rafael Juan Espinoza. At all times relevant to this proceeding, respondent maintained a law office within the First Judicial Department.
The Attorney Grievance Committee (Committee) seeks an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3) immediately suspending respondent from the practice of law until further order of this Court based upon his failure to comply with lawful demands of the Committee in its investigation. Respondent, pro se, has not submitted a response to this motion.
Between October 2019 and July 2020, the Committee received five complaints against respondent alleging, inter alia, neglect, failure to communicate, deceit, misrepresentation and fraud. Between November 22, 2019 and August 5, 2020, a Committee Staff investigator sent respondent numerous letters and left him several telephone messages in an attempt to obtain answers to the complaints.
On November 2, 2020, respondent submitted a response to one complaint filed by an immigration client. On January 4, 2021, this Court issued a judicial subpoena directing respondent's appearance at an examination under oath (EUO) on January 27, 2021. On January 27, respondent, pro se, was examined under oath remotely (due to the COVID-19 pandemic) during which he testified from information and documents that were not previously provided to the Committee. For example, with respect to the first complaint filed against him, respondent testified that he stopped working on the client's asylum petition after he received a "secret letter" from the client's sister, alleging that the petition would be based on fraud, and he also claimed to have an audio message contradicting the complainant's allegation that he improperly charged her credit card $2,250 instead of the $1,000 she had authorized. With respect to another complaint, which alleged respondent failed to appear in court resulting in a deportation order for the client and his son, respondent claimed he didn't appear because he never received the file from the former attorney. When respondent read from a purported letter that he sent to the former attorney about his retention and a notice of appearance, Committee Staff directed respondent to produce a copy of the letter thereafter. Respondent did not comply.
With regard to another complaint alleging neglect and failure to communicate and to perform any work on the matter, respondent testified that the client decided not to proceed with the case and that he still had in the client file a money order she had given him for payment of filing fees which he promised to return "right away." Staff Counsel directed him to provide, inter alia, a copy of the cover letter that he sent [*2]with the return of the money order. At the conclusion of the EUO, respondent was directed to provide, among other things, the above referenced documents and information by February 10, 2021. Respondent did not comply.
On February 15, 2021, respondent provided a written answer to the remaining four complaints. Respondent did not, however, provide the specific supplemental information he was directed to submit during his EUO several weeks earlier, on January 27, 2021. Consequently, by letter dated March 23, 2021, Staff Counsel listed all of the documents and information that respondent was previously asked to submit, he was provided with a copy of the EUO transcript, and he was given until April 12, 2021, to produce the outstanding material. Again, respondent failed to comply. On April 22, 2021, the Committee mailed and emailed another letter giving respondent until April 30, 2021 to produce the outstanding documents and information, but he did not respond.
On May 19, 2021, respondent emailed Staff Counsel acknowledging receipt of the Committee's March 23rd letter explaining that he had been out of the country between April 8 and April 23, and upon his return, he fell ill. Accordingly, the Committee agreed to respondent's request for an extension until the end of the week to comply. Respondent did not comply. Staff Counsel then sent a letter by email to respondent on June 2, 2021, advising that he had until June 4 to provide the supplemental information and that there would be no further extensions. Again, respondent did not comply.
Finally, on June 25, 2021, respondent was personally served with a judicial subpoena duces tecum listing in detail the supplemental documents and information initially requested during his EUO on January 27, 2021 and directing him to produce the overdue materials by July 8, 2021. To date, respondent has failed to do so.
Pursuant to 22 NYCRR 1240.9(a), an attorney may be suspended from the practice of law on an interim basis, during the pendency of an investigation or proceeding, upon a finding that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon the attorney's failure "to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under these Rules" (1240.9[a][3]).
We find that respondent has engaged in conduct immediately threatening the public interest, namely his repeated failure to produce the documents and information requested by the Committee over a six-month period, and his flagrant disobedience of a judicial subpoena duces tecum. Despite respondent's partial compliance with the Committee's requests, such conduct demonstrates a willful noncompliance with a Committee investigation and warrants his immediate suspension (Matter of Fox, 197 AD3d 36 [1st Dept 2021]; Matter of Meltzer, 189 AD3d 80 [1st Dept 2020]; Matter of Miller, 170 AD3d 1 [1st Dept 2019]; Matter of Moreno, 149 AD3d 65 [1st Dept 2017]).
Accordingly[*3], the Committee's motion should be granted, and respondent is suspended from the practice of law in the State of New York, effective immediately, and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee's motion is granted, and respondent Rafael J. Espinoza (admitted as Rafael Juan Espinoza) is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(3), effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and
It is further ordered that respondent Rafael J. Espinoza (admitted as Rafael Juan Espinoza) is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board of commission or other public authority, and that respondent is forbidden to give another an opinion as to the law or its application or advise in relation thereto, all effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court. Respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further ordered that, within 20 days of the date of service of this decision, respondent Rafael J. Espinoza (admitted as Rafael Juan Espinoza) may submit a request, in writing, to this Court for post suspension hearing (see NYCRR 1240.9[c]).
Entered: October 28, 2021