Matter of Vinnitsky (2022 NY Slip Op 01878)





Matter of Vinnitsky


2022 NY Slip Op 01878


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Cynthia S. Kern
Ellen Gesmer
Tanya R. Kennedy
Julio Rodriguez III, JJ.


Motion No. 2021-04419 Case No. 2021-04581 

[*1]In the Matter of Oleg Vinnitsky, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Oleg Vinnitsky, (OCA Atty. Reg. No. 4267423), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 25, 2004.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Peter M. Hertzog, of counsel), for petitioner.
Respondent pro se.



Per Curiam 


Respondent Oleg Vinnitsky was admitted to the practice of law in the State of New York by the First Judicial Department on October 25, 2004. At all times relevant to this proceeding, respondent maintained an office within the First Judicial Department.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3) and Judiciary Law § 468-a, immediately suspending respondent for his failure to comply with the AGC's lawful investigative demands and his failure to register as an attorney with the Office of Court Administration (OCA).
In December 2019, the AGC received two separate complaints alleging that respondent, as seller's counsel, took their buyers' deposits on separate properties, and failed to provide them with contracts of sale or to refund their deposits. Although complainants made multiple attempts to contact respondent about a completed contract of sale or return of the deposit, neither complainant received a response.
On January 24, 2020, the AGC wrote respondent enclosing copies of the complaints and asking him to submit an answer within 20 days. On February 18, 2020, the AGC received a fax from respondent in which he asked for an additional week or two to investigate the matter because he was overwhelmed with his workload and family responsibilities. By email dated February 18, 2020, the AGC advised him that he had until February 27 to answer both complaints but he failed to do so, despite multiple reminders from the AGC.
On February 9, 2021, this Court issued a judicial subpoena duces tecum requiring respondent to appear on March 29, 2021, for an Examination Under Oath (EUO) and directing him to bring his case files and escrow account records related to the complainants. On March 19, 2021, a process server attempted to personally serve respondent with the subpoena at his OCA registered address but the doorman at the location stated that respondent was "not known" to him. On July 12, 2021, the AGC emailed the subpoena to respondent instructing him to appear on July 25, 2021, for an EUO and again advising him that his continued neglect or lack of cooperation could expose him to a suspension or formal charges.
As of the date of the current motion, respondent has neither contacted the AGC nor provided answers to the two complaints. The complainants' attorney has also informed the AGC that respondent has failed to contact complainants, nor has he returned their deposits.
Respondent last registered on November 19, 2018, and was due to register within 30 days of his birthday in October 2020 but failed to do so, and is now delinquent in his registration in violation of Judiciary Law § 468-a[2].
22 NYCRR 1240.9(a) authorizes the Court to issue an interim suspension
"upon a finding by the Court that the respondent has engaged in
conduct immediately threatening [*2]the public interest. Such a finding may
be based upon: (3) the respondent's failure to comply with a lawful
demand of the Court or a Committee in an investigation under these
Rules "
The AGC argues that respondent's failure to respond to the AGC's lawful investigative demands, notwithstanding his promises to comply on two separate occasions, immediately threatens the public interest requiring his interim suspension (Matter of Frieary, 190 AD3d 7 [1st Dept 2020]; Matter of Matic, 165 AD3d 45 [1st Dept 2018]; Matter of Kelly, 148 AD3d 129 [1st Dept 2017]).
Respondent has defaulted on this motion.
This Court finds that respondent's failure to comply with the lawful demands of this Court and the AGC, as well as his delinquency in his attorney registration, constitutes conduct immediately threatening the public interest, warranting his immediate suspension from the practice of law.
Accordingly, the AGC's motion should be granted, and respondent is suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee's motion is granted and respondent, Oleg Vinnitsky, is suspended, pursuant to 22 NYCRR 1240.9(a)(3) and Judiciary Law § 468-a, from the practice of law in the State of New York, effective the date hereof, and until further order of this Court; and
It is further Ordered that during the period of suspension, respondent, Oleg Vinnitsky, is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; that respondent is forbidden to give another an opinion as to the law or this application or any advice in relation thereto, and
It is further Ordered that respondent, Oleg Vinnitsky, is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.16), which are made part hereof, and
It is further Ordered that, within 20 days of the date of service of this decision, respondent, Oleg Vinnitsky, may submit a request, in writing, to this Court for a post suspension hearing (see 22 NYCRR 1240.9[c]), and
It is further Ordered that if respondent, Oleg Vinnitsky, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: March 17, 2022