Matter of Meettook (2022 NY Slip Op 03212)





Matter of Meettook


2022 NY Slip Op 03212


Decided on May 17, 2022


Appellate Division, First Department


Per Curiam 



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,J.P.,
David Friedman
Peter H. Moulton
Saliann Scarpulla
Bahaati E. Pitt, JJ.


Motion No. 2022-00775 Case No. 2022-00809 

[*1]In the Matter of Kiran Meettook, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Kiran Meettook, (OCA Atty. Reg. No. 4679379) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 22, 2009.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Remi E. Shea, Esq., of counsel), for petitioner.
Respondent pro se.



Per Curiam 


Respondent Kiran Meettook was admitted to the practice of law in the State of New York by the Third Judicial Department on January 22, 2009. At all times relevant to this proceeding, respondent maintained a registered business address within the First Judicial Department.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), immediately suspending respondent from the practice of law until further order of this Court, based on her failure to, inter alia, comply with the AGC's lawful demands for bookkeeping records and to appear before the AGC for an examination under oath as directed by judicial subpoena.
On November 17, 2021, following notification by the Lawyers' Fund for Client Protection of a $2,000 check issued from respondent's escrow account which resulted in an overdraft, the AGC requested, by email, that respondent submit a written answer explaining the reason for the overdraft and for her to produce specified bookkeeping records for the six-month period preceding the date of the check at issue, which she is obligated to maintain under Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15(d)(1). By response dated November 23, 2021, which did not include the requested bookkeeping records, respondent attributed the overdraft of her escrow account to an alleged "breach of duty" on the part of her bank, stating that, because her bank "closed all other avenues" to access funds, she was forced to write a check to access her personal funds deposited into her escrow account. She further stated that because the "overdraft" was drawn against her own funds in the escrow account, the AGC had no jurisdiction to investigate the matter, and demanded to know "how the funds we pay in fees to the Bank and these Client Protection institutions are put to use as with the bank."
Thereafter, by letters emailed on November 29, 2021, January 14, 2022, and January 18, 2022, the AGC continuously reached out to respondent, informing her of the authority and jurisdiction of the AGC to make these inquiries and warning her that her failure to submit an answer explaining the cause of the overdraft at issue and the previously requested bookkeeping records could result in her interim suspension. As to her argument that the overdraft did not involve client funds, the AGC reminded respondent that she was not allowed to keep personal funds in her attorney escrow account. Respondent regularly responded to these emails. Regardless, she continuously refused to provide the requested documents, questioning why she was under investigation, and accused the AGC of "launching a fishing expedition on us in the name of an investigation."
On February 1, 2022, the AGC emailed respondent a judicial subpoena directing her to appear before the AGC for an examination under oath (i.e., a deposition[*2]) on February 8, 2022. The email was followed by an attempt at personal service. Respondent advised the AGC that she could not attend the deposition in person but would be able to attend via telephone. The AGC accommodated respondent's request and arranged for a remote deposition, sending respondent appropriate internet links. Nonetheless on the day of the deposition, respondent refused to appear because no AGC committee member would be present to be questioned under oath as well. Notwithstanding that the AGC informed her that no AGC committee member was required to be examined by her, respondent still refused to appear.
The AGC asserts that respondent's noncompliance with its repeated requests for bookkeeping records and with the judicial subpoena directing her to appear for a deposition, as well as her failure to recognize the AGC's authority to investigate the matter at issue, evidences professional misconduct that immediately threatens the public interest and thereby warrants her interim suspension.
22 NYCRR 1240.9(a) provides for an interim suspension —
"upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: (1) the respondent's default in responding to a subpoena under these Rules (3) the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation under these Rules "
Respondent failed to provide bookkeeping records repeatedly and legitimately requested by the AGC since November 2021. Respondent also failed to appear for a deposition as directed by judicial subpoena (Matter of Fox, 197 AD3d 36 [1st Dept 2o21]; Matter of Meltzer, 189 AD3d 80 [1st Dept 2020]; Matter of Shapiro, 177 AD3d 28 [1st Dept 2019]; Matter of Matic, 165 AD3d 45 [1st Dept 2018]).
This Court finds that respondent's failure to comply with the lawful demands of the AGC constitutes conduct immediately threatening the public interest, warranting her immediate suspension from the practice of law pursuant to 22 NYCRR 1240.9(a)(1) and (3), and until further order of this Court.
Accordingly, the AGC's motion should be granted and respondent is suspended from the practice of law effective immediately, and until further order of this Court.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion is granted and respondent, Kiran Meettook, is suspended from the practice of law in the State of New York, pursuant to 22 NYCRR § 1240.9(a)(1) and (3), effective immediately; until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and
IT IS FURTHER ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Kiran Meettook shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney [*3]or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and,
IT IS FURTHER ORDERED that respondent Kiran Meettook shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof; and
IT IS FURTHER ORDERED that, within 20 days of the date of service of this decision, respondent Kiran Meettook may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9 [c]), and
IT IS FURTHER ORDERED that if respondent Kiran Meettook has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: May 17, 2022