Matter of McCrea (2022 NY Slip Op 06756)

Matter of McCrea

2022 NY Slip Op 06756

Decided on November 29, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Cynthia S. Kern,J.P.,
Ellen Gesmer
Peter H. Moulton
Martin Shulman
Julio Rodriguez III, JJ.

Motion No. 2022-03773 Case No. 2022-04224 

[*1]In the Matter of A. Grant McCrea, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, A. Grant McCrea, (OCA ATTY. REG. NO. 2079473), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 28, 1986.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Denice M. Szekely, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent A. Grant McCrea was admitted to the practice of law by the First Judicial Department on July 28, 1986. At all times relevant to this matter, respondent maintained an office within the First Judicial Department.
The Attorney Grievance Committee (AGC or Committee) now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3), immediately suspending respondent from the practice of law for his failure to comply with the Committee's lawful investigative demands by failing to answer a complaint, and for further relief as the Court deems just and proper. Respondent, pro se, consented to service of the motion by email and first-class mail but has not submitted a response.
In February 2020, the Committee received a complaint from respondent's client stating that she retained respondent in 2017 to represent her in a medical malpractice matter, paying him legal and filing fees. Over several years, the client had severe difficulty reaching respondent notwithstanding numerous attempts to contact him; when she was finally able to get in touch with him, he provided myriad reasons for his delays in communication but did not discuss the state of the case.
On August 6, 2020, the Committee sent a letter to respondent's law firm email address providing a copy of the client's complaint and asking him to submit an answer within 20 days. On August 27, 2020 and March 3, 2021, the Committee emailed respondent again seeking an answer to the complaint, noting that multiple phone calls to him had gone unanswered and advising that his continued neglect or refusal to cooperate could expose him to a suspension or charges. On June 8, 2021, the Committee attempted to serve respondent with a subpoena at a New York City address listed on his attorney registration with OCA, but the process server was informed that respondent had moved from that address more than two years earlier.
On June 15, 2021, AGC Staff Counsel finally spoke with respondent by telephone. Respondent indicated, among other things, that he was out of the country and had forgotten to submit an answer to the complaint. He also provided his email address, requesting that the Committee resend the complaint, which the Committee did that day.
On October 25, 2021, having still not received a response, Staff Counsel again spoke to respondent by telephone, and respondent stated that he was still out of the country. On the same date, pursuant to his request, the Committee sent a follow-up email, again providing a copy of the complaint. The Committee further advised that if respondent was unable to provide details regarding the matter because of his current medical condition, he should submit documentation to that effect.
On January 14, 2022, the Committee once again emailed respondent a letter requesting an answer to the complaint and further indicated, if respondent [*2]was unable to do so because of his condition, that he provide documentation indicating same.
On March 28, 2022, when Staff Counsel spoke with respondent over the phone, he explained that he was still out of the country. When informed that his attorney registration was currently listed as delinquent, respondent stated that he was no longer practicing law and had no intention to return to New York to resume his practice. Respondent provided his current mailing address and claimed he would do his best to respond to any forthcoming correspondence.
Thereafter, on March 30, 2022, the Committee sent respondent a letter by
priority mail to the address provided, including a copy of the complaint as well as information about potential suspensions. Respondent failed to submit a response to this letter.
During a July 26, 2022 phone call with Staff Counsel, respondent stated, among other things, that he received the March 30, 2022 letter from the Committee and intended but was unable to submit a response due to his medical condition. Respondent stated that he hoped to provide documentation but had not yet done so, in part, because the documentation was not in English. Respondent also stated he was uncertain whether he would be able to send the Committee a response and understood that in the absence of documentation addressing his condition or response to the complaint, the Committee may be compelled to move to suspend him.
On August 27, 2022, respondent emailed the Committee describing his condition and reaffirmed that he was living in Canada and had no intention of returning to New York or to the practice of law. In response, the Committee emailed respondent on August 30, 2022, once more requesting records and explaining that because respondent had been unable to submit an answer and his attorney registration was delinquent, the Committee would have to move for an interim suspension of respondent's New York license. Respondent sent an email on September 1, 2022 indicating he should be able to comply, but, to date, nothing has been received from respondent.
The Committee now moves for an interim suspension in view of respondent's failure to cooperate with the Committee's lawful demands. The Committee argues that respondent has failed to submit an answer to the complaint filed against him despite being made fully aware of it by considerable correspondence with the Committee (see Matter of Meettook, 206 AD3d 9 [1st Dept 2022]; Matter of Shotkin, 168 AD3d 99 [1st Dept 2019]; Matter of Matic, 165 AD3d 45 [1st Dept 2018]; Matter of Novofastovsky, 164 AD3d 64 [1st Dept 2018]). The Committee further argues that an interim suspension is warranted in view of respondent's failure to provide documentation addressing his medical condition despite numerous opportunities to do so. Lastly, the Committee asserts that respondent has failed to register and pay his OCA registration fees since the 2020-2021 biennial period (nor has he updated his address), which "constitutes [*3]an independent ground for his suspension" (Matter of Willner, 209 AD3d 47, 50 [1st Dept 2022]; see Judiciary Law § 468-a; Matter of Chin, 118 AD3d 61 [1st Dept 2014]; Matter of Todorovich, 111 AD3d 71 [1st Dept 2013]).
As noted, respondent, pro se, consented to service of this motion by email and first-class mail but has not submitted a response.
The present record sufficiently demonstrates that respondent was fully aware of the Committee's investigation of the complaint filed against him more than two years ago, but he has repeatedly failed to provide an answer. Although respondent has stated that he is still recovering from his current condition and does not intend to practice law again in New York, he has not provided documentation required to grant a suspension under 22 NYCRR 1240.14 (b) notwithstanding being made aware of that option by the Committee (compare Matter of Roussin, 208 AD3d 174 [1st Dept 2022]). In light of respondent's failure to comply with lawful demands of the Committee over a two-year period as well as his delinquency in attorney registration, respondent should be immediately suspended from the practice of law (Matter of Frieary, 190 AD3d 7 [1st Dept 2020]).
Accordingly, the Committee's motion should be granted, and respondent is suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.9 (a) (3) and Judiciary Law § 468-a, effective immediately and until further order of this Court.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion for interim suspension, pursuant to 22 NYCRR 1240.9(a)(3) and Judiciary Law § 468-a, is granted and respondent, A. Grant McCrea, is suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and
IT IS FURTHER ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until disciplinary matters pending before the Committee have been concluded and until further order of this Court, respondent shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
IT IS FURTHER ORDERED that respondent shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof, and
IT IS FURTHER ORDERED that if respondent has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency, and
IT IS FURTHER ORDERED that within 20 days of the date of service of this order, respondent may submit a request[*4], in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9(c)).
Order filed. November 29, 2022