Matter of Tessler (2023 NY Slip Op 01867)

Matter of Tessler

2023 NY Slip Op 01867

Decided on April 11, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber,J.P.,
Ellen Gesmer
Lizbeth González
Manuel J. Mendez
Julio Rodriguez III, JJ.

Motion No. 2023-00844 Case No. 2023-00890 

[*1]In the Matter of David Alan Tessler, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, David Alan Tessler (OCA ATTY. REG. NO. 2570463), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 20, 1993.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Peter M. Hertzog, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent David Alan Tessler was admitted to the practice of law in the State of New York by the First Judicial Department on September 20, 1993. Respondent's last registered business address is in New Jersey. As the admitting Judicial Department, this Court retains jurisdiction over respondent.
The Attorney Grievance Committee (AGC) moves for an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3) and Judiciary Law § 468-a, immediately suspending respondent from the practice of law until further order of this Court, based on his failure to answer two complaints, failure to appear for an examination under oath (i.e., a deposition) as directed by judicial subpoena, and failure to register with the Office of Court Administration (OCA) for the 2021-22 biennial period.
In July 2021, the AGC received a complaint from M.M. alleging, inter alia, that respondent had settled her personal injury matter approximately six months earlier but had not remitted her share of the settlement, nor had he paid a Medicare lien which was to be satisfied therefrom. M.M. alleged further that respondent had not responded to her phone calls and emails seeking information about her settlement.
On July 21, 2021, the AGC called respondent at the telephone number he last registered with OCA and left a voicemail informing him that a new complaint would be emailed to him at the email address he last registered with OCA. That same date, the AGC emailed M.M.'s complaint to respondent together with a letter directing him to submit an answer within 2o days. The AGC did not receive confirmation that its email had been delivered; respondent did not submit an answer.
By letter dated August 16, 2021, sent by certified mail, return receipt requested and also by email, the AGC directed respondent to answer M.M.'s complaint within 10 days and advised him that failure to do so could result in his interim suspension. The AGC received back the return receipt and the signature thereon appeared to be that of respondent. Respondent did not submit an answer. On September 9, 2021, the AGC left respondent a voicemail, emailed him and requested that he telephone the assigned Staff Counsel to discuss, inter alia, M.M.'s complaint.
Additionally, between August 2 and September 14, 2021, M.M. sent respondent five emails, on which she copied the AGC, demanding that he pay the Medicare lien against her settlement and remit her net share of the settlement. Respondent replied to M.M. by email and copied the AGC. In the email, respondent stated "I'm out of the office today but the closing papers are mostly complete. I will email them to you by Tuesday. Once they are signed and originals mailed back to me, I will forward them to the defendant. Once they receive them, they will send me a check within 21 days. I've had some personal issues but that doesn't [*2]excuse the delay. I apologize again." M.M. did not receive the promised paperwork from respondent and continued to press him for it and for information about her settlement.
By email dated September 28, 2021 sent to the AGC, respondent stated "I regret the lack of communication with [M.M.]. I have been dealing with a number of personal issues, but that's no excuse for the delay. I have rectified it by completing the Settlement papers, including a detailed letter, Closing Statement and list of Disbursements. I am still waiting for the defendant NYU to approve the General Release and return it to me to forward to plaintiff for signature. Attached is a copy of the Closing Papers which I sent to her last week and again today. They detail the numbers and the lien, which by law is paid out of her net proceeds with a check directly from the defendant's insurer. I hope this clears up this matter. Please let me know if you have any further questions." Notwithstanding this email, respondent has not responded to the AGC's request for a formal answer to M.M.'s complaint.
In June 2021, the AGC received a complaint from F.S. alleging that: respondent had commenced a personal injury action on his behalf in 2007; in 2016, he received a letter informing him that respondent had moved his office to New Jersey but would continue his representation of F.S.; since 2016, respondent has failed to contact F.S. regarding his case, notwithstanding many phone calls; in May 2020, F.S. sought assistance from another attorney who inquired about status of the case by phone and letters but he received no response from respondent; the attorney then discovered that F.S.'s case had been dismissed in or about April 2019; and, to date, F.S. has "received no notice from [respondent] as to the reasons why he has failed to contact [him]."
In October 2021, the AGC requested that respondent submit an answer to F.S.'s complaint within 20 days. Respondent failed to do so. In November 2021, the AGC directed respondent to answer F.S.'s complaint within 10 days and alerted him to the fact that failure to do so could result in his interim suspension. Respondent did not submit an answer. By an email dated March 3, 2022 and voice message left on that date, AGC Staff Counsel requested that respondent call him. By letter dated May 17, 2022, the AGC directed respondent to answer M.M.'s and F.S.'s complaints and to produce specified bookkeeping records, which he is required to maintain pursuant to New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15(d), within 15 days. Respondent was reminded that failure to do so could result in his interim suspension. Respondent did not answer the complaints, nor did he produce the requested bookkeeping records.
On June 16, 2022, an AGC process server personally served respondent in hand with a judicial subpoena, directing him to appear before the AGC on June 28, 2022 for a deposition and to produce, among other things, his bookkeeping records. Respondent [*3]did not appear for the deposition. The next day, respondent emailed "I'm sorry I haven't replied sooner. I've had a lot of personal issues and would like to speak to you and try to settle these client issues. I'd like to call you tomorrow if that's ok for you. Again, my apologies." In reply, the AGC directed respondent to contact the assigned Staff Counsel "to answer any of [his] questions or concerns" but respondent did not contact Staff Counsel, nor has he appeared for a deposition as directed by judicial subpoena.
By August 11, 2022 voicemail and email, AGC Staff Counsel requested that respondent contact him and reminded him that his continued failure to cooperate could result in his interim suspension. Respondent did not respond. By an email dated November 3, 2022, AGC Staff Counsel advised respondent that he would be "filing a motion for interim suspension if [he did] not hear from [respondent] either today or tomorrow" and he again provided respondent with his telephone number. Again, respondent failed to respond. To date, respondent has not answered M.M.'s and F.S.'s complaints, nor has he appeared for deposition or produced bookkeeping account records as directed by judicial subpoena.
Respondent was personally served in hand with the instant motion, but he has not submitted a response.
In addition to his noncooperation, the AGC cites the fact that respondent's attorney registration is delinquent in that he has not registered with OCA and paid the required fee for the 2021-22 biennial period as required by Judiciary Law § 468-a.
We find that the AGC has met its burden and respondent should be immediately suspended until further order of this Court. The record establishes that the AGC has repeatedly sent requests to the email address used by respondent, and also by certified mail to his last registered business address, for respondent to answer M.M.'s and F.S.'s complaints and warned him that his continued failure to answer could result in his interim suspension (see Matter of Shapiro, 177 AD3d 28 [1st Dept 2019]; Matter of Matic, 165 AD3d 45 [1st Dept 2018]). Respondent was also personally served in hand with the judicial subpoena directing him to appear for a deposition and to produce his bookkeeping account records but he has failed to comply, notwithstanding that the AGC again warned him that such failure could result in his interim suspension (see Matter of Meettook, 206 AD3d 9 [1st Dept 2022]). Further, respondent's failure to register with OCA and pay the required fee for the 2021-22 biennial period as required by Judiciary Law § 468-a constitutes additional grounds for his interim suspension (see Matter of McCrea, 211 AD3d 167 [1st Dept 2022]).
Accordingly, the AGC's motion should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
IT IS ORDERED, that the Attorney Grievance Committee's motion to suspend respondent pursuant to 22 NYCRR 1240.9[*4](a)(1) and (3) and Judiciary Law § 468-a is granted, and respondent David Alan Tessler is suspended from the practice of law in the State of New York, effective immediately, and until further order of this Court, and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent David Alan Tessler shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent David Alan Tessler shall comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made part hereof; and
IT IS FURTHER ORDERED that if respondent David Alan Tessler has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: April 11, 2023