Matter of Biniakewitz (2025 NY Slip Op 05890)

Matter of Biniakewitz

2025 NY Slip Op 05890

Decided on October 23, 2025

Appellate Division, First Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter H. Moulton

Justice Presiding

Motion No. 2025-04094|Case No. 2024-07164|

[*1]In the Matter of Michael J. Biniakewitz an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael J. Biniakewitz (OCA Atty Reg. 4152013), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael J. Biniakewitz, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on September 17, 2003.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York
(Gillian C. Gamberdell, of counsel), for petitioner

Respondent, pro se.

Per Curiam

Respondent Michael J. Biniakewitz was admitted to the practice of law in the State of New York by the Second Judicial Department on September 17, 2003. Respondent's last registered business address was in the First Judicial Department.

In January 2025, the Attorney Grievance Committee (the AGC), moved, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3) and Judiciary Law § 468-a, for respondent's immediate suspension from the practice of law until further order of this Court based on, inter alia, his failure to answer nine complaints and failure to file an attorney registration statement and pay the required fee for the 2023-2024 biennial period for which Office of Court Administration records showed him as delinquent. The AGC later moved to withdraw the motion without prejudice as respondent had taken steps to cooperate with its investigation including answering the complaints. By May 2, 2025 unpublished order, the Court deemed the motion withdrawn in accordance with the AGC's affirmation.

Now, by motion dated July 24, 2025, the AGC, pursuant to 22 NYCRR 1240.9(a)(3), renews its motion for respondent's immediate suspension based on his alleged failure to comply with the AGC's requests for additional documents and information concerning the complaints under investigation. As additional grounds for immediate suspension, the AGC cites respondent's continued failure to cure his delinquent attorney registration in contravention of Judiciary Law § 468-a. In accordance with the December 9, 2024 unpublished order of this Court permitting substituted service pursuant to Judiciary Law § 90(6), the AGC served the motion by first class and certified mail to respondent's registered business address and by email and text message to his registered email address and telephone number. To date, respondent has not submitted a response.

22 NYCRR 1240.9(a) provides for an interim suspension:

"[U]pon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: (3) the respondent's failure to comply with a lawful demand of a Committee in an investigation under these Rules "

After respondent answered the nine complaints, by May 29, 2025 email, the AGC directed him to provide certain documents and information concerning five of the complaints by July 7, 2025; or, if he was unable to provide any of the requested material, that he contact AGC Staff Counsel and explain why before June 23, 2025. The AGC advised respondent that if he did not respond by July 7, it likely would renew its motion for his interim suspension. Respondent did not provide the requested documents and information. By July 8, 2025 email, Staff Counsel directed respondent to provide a full response and all documents requested by July 14, 2025 and warned that failure to do so would result in the AGC renewing the motion for interim suspension for failure to cooperate with its investigative demands.

In a July 14, 2025 email to Staff Counsel, respondent advised that while he has been engaged, he retained I.M., who handled his office's data mining and IT matters, to assist. Respondent advised that I.M. informed him that he would retrieve any materials respondent had saved through numerous electronic accounts and storage systems. Respondent stated that he was starting a trial and that I.M. advised him to request enough time for I.M. to take his computer and all accounts. Respondent requested until on or about July 28, 2025 to furnish the items, affidavits, or other response. Respondent also advised that he had reached out to L.M., an individual who had assisted him with legal writing and other work in his solo practice, and was awaiting her response as to what extent, if any, she handled any of the matters under review.

Staff Counsel responded by email the same day asking respondent to provide documentation of the date he retained I.M. and reached out to L.M. The AGC reports that respondent did not provide the requested documents and information.

As the record in toto evinces a pattern of non-cooperation by respondent, the AGC has met its burden and respondent should be immediately suspended pursuant to 22 NYCRR 1240.9(a)(3) until further order of this Court. Specifically, for approximately two years prior to the AGC's filing of the first motion to suspend, respondent disregarded repeated written and oral requests that he answer the complaints against him, notwithstanding multiple warnings that his continued failure to comply could result in an interim suspension. It was not until he was served with the prior motion that he complied with his obligation to answer the complaints.

Now, after answering the complaints and the withdrawal of the prior motion, respondent has failed to fully comply with the AGC's lawful investigative demands for additional documents and information. Such conduct warrants granting the renewed motion for an interim suspension pursuant to 22 NYCRR 1240.9(a)(3) (see e.g. Matter of Espinoza, 200 AD3d 21 [1st Dept 2021] [interim suspension where attorney partially cooperated by, inter alia, appearing for a deposition but then failed to produce supplemental documents and information as directed by judicial subpoena]; Matter of Fox, 197 AD3d 36 [1st Dept 2021] [interim suspension where attorney partially cooperated by producing some of his bookkeeping records and appearing for deposition but then failed to produce additional records as directed by judicial subpoena and repeatedly requested by the AGC]; Matter of Miller, 170 AD3d 1 [1st Dept 2019] [interim suspension where attorney partially cooperated by appearing for deposition but failed to produce, inter alia, requested bank records]; Matter of Moreno, 149 AD3d 65 [1st Dept 2017] [interim suspension where attorney partially cooperated by appearing for deposition and producing some documents but failed to comply with the AGC's lawful demands for tax returns]).

Respondent's continued failure to cure his delinquent attorney registration, notwithstanding his prior representation to the AGC that he would remedy it, is an additional basis for his immediate suspension (see e.g. Matter of McCrea, 211 AD3d 167 [1st Dept 2022] [attorney immediately suspended pursuant to 22 NYCRR 1240.9(a)(3) and Judiciary Law § 468-a based on failure to comply with the AGC's lawful investigative demands and delinquent registration]; Matter of Vinnitsky, 204 AD3d 134 [1st Dept 2022] [same]).

Accordingly, the AGC's motion should be granted, and respondent is suspended from the practice of law, effective immediately, and until further order of this Court.

All concur.

Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department to immediately suspend, pursuant to Judiciary Law §468-a and 22 NYCRR 1240.9(a)(3), is granted, and respondent, Michael J. Biniakewitz, is suspended from the practice of law, effective immediately, and until further order of the Court; and

It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Michael J. Biniakewitz, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and

It is further Ordered that, during the period of suspension, respondent, Michael J. Biniakewitz, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and

It is further Ordered that if respondent, Michael J. Biniakewitz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.

Entered: October 23, 2025