Matter of Moss
2026 NY Slip Op 03364
May 28, 2026
Appellate Division, First Department
Per Curiam
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of David L. Moss, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, David L. Moss (OCA Atty. Reg. No. 2725232), Respondent.

Supreme Court, Appellate Division, First Judicial Department
Decided and Entered: May 28, 2026
Motion No. 2026-01059|Case No. 2026-00072|
Present — Hon. Saliann Scarpulla, Justice Presiding, Martin Shulman Julio Rodriguez III Marsha D. Michael Margaret A. Chan

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Gillian C. Gamberdell, of counsel), for petitioner.
Respondent, pro se.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, David L. Moss, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 22, 1996.

Per Curiam
[*1]
Respondent David L. Moss was admitted to the practice of law in the State of New York by the First Judicial Department on January 22, 1996.FN1 Respondent maintains a registered address in the First Judicial Department.
By February 26, 2026 notice of motion, the Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), immediately suspending respondent from the practice of law and until further order of this Court, based on misconduct that immediately threatens the public interest: specifically, his failure to appear for an examination under oath (EUO) and repeated failures to comply with the AGC's investigative demands. Respondent opposes.
As relevant here, on June 3, 2025, the AGC received a complaint against respondent from D.A. The complaint was sent to respondent via email at his Office of Court Administration registered email address on July 1, 2025. Respondent was directed to submit a written, signed answer to the complaint within 20 days. Respondent failed to timely do so.
Over the next three months, AGC extended respondent's deadlines to answer and a surreply a total of three times. Respondent submitted a late answer claiming he had no record of the complaint but otherwise did not respond or submit the requested surreply. The AGC warned him that further failure to comply could result in a subpoena for an EUO but received no response.
In early 2026, the AGC sought, and the Court ultimately issued, subpoenas compelling respondent to produce documents and appear for an EUO on February 18, 2026. Respondent requested additional time to provide a surreply. The AGC said it would grant the extension and adjourn the February 18 EUO if respondent submitted his surreply and the subpoenaed documents by February 4, 2026. Respondent timely submitted his surreply but requested more time to produce the subpoenaed documents, which the AGC granted to February 13, 2026.
On February 16, 2026, respondent requested an additional extension to produce the subpoenaed documents. The AGC directed respondent to provide by February 17 a written explanation of the steps taken to procure the documents, including an explanation of why a further request for an extension was not made prior to the expiration of the February 13th deadline. Respondent did not do so.
On the morning of February 18, the AGC emailed respondent reminding him of his scheduled EUO later that day. Respondent did not appear for the EUO. Nevertheless, the AGC sent an email offering an additional week to provide the subpoenaed documents, a written explanation for his default, and to confirm his availability to appear for his rescheduled EUO. Respondent did not respond.
[*2]
The AGC now moves for interim suspension under 22 NYCRR 1240.9(a) arguing that respondent's continued failure to cooperate with its investigation immediately threatens the public interest. Specifically, the AGC alleges that "respondent has disregarded the Committee's lawful investigative demands and defaulted on a judicial subpoena ordering him to appear at an Examination Under Oath and produce records." Further, AGC argues that respondent's email communications with the AGC demonstrate that he is on notice of the AGC's demands and has been advised that he faces suspension for his failure to comply.
Respondent opposes, arguing that AGC fails to establish proof of conduct "immediately threatening the public interest." Respondent argues that the record shows he accepted service of the subpoena by email, submitted the requested surreply, and explained that his need for an extension was due to the death of his mother and other technical difficulties retrieving the subpoenaed documents. He argues this record reflects his partial compliance and ongoing engagement rather than deliberate obstruction of the AGC's investigation. Moreover, respondent argues that the AGC's own actions—granting extensions and offering to reschedule his EUO—are inconsistent with a claim of an "immediate threat to the public." Respondent suggests that AGC should have enforced compliance through a "final, date-certain directive." Respondent argues that the absence of any cited disciplinary history further weakens the claim that respondent poses an immediate risk to the public. In the alternative, respondent requests the Court impose a narrowly tailored, compliance-oriented measure—such as a firm deadline or a rescheduled examination—rather than suspension.
The AGC replies that the decisions of this Court are clear that suspension may be warranted even when there has been prior or partial cooperation (see Matter of Biniakewitz, 246 AD3d 126 [1st Dept 2025]; Matter of Fox, 197 AD3d 36 [1st Dept 2021]). Further, AGC notes that respondent here has not offered any explanation or justification for his failure to appear for his EUO as directed by the Court, produce the subpoenaed documents, or respond to the AGC's investigative demands. The AGC points out that respondent does not say when his mother died or how his law firm was managed during his bereavement, undercutting his explanation of his delays and failures to respond. The AGC further argues that its willingness to provide extensions does not undercut its claim of willful defiance and immediate threat, as respondent's failures in the face of multiple warnings should be interpreted as willful. The AGC acknowledges that respondent's conduct would not pose an immediate threat if he had missed one deadline, but his repeated disregard of deadlines and orders threatens the effectiveness of the attorney disciplinary system.
22 NYCRR 1240.9(a) provides for interim suspension:
[*3]
"upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: (1) the respondent's default in responding to a notice to appear for formal interview, examination, or pursuant to subpoena (3) the respondent's failure to comply with a lawful demand of [the AGC] in an investigation "
The AGC has met its burden, and respondent should be immediately suspended pursuant to 1240.9(a)(1) and (3) as the record in toto evinces a pattern of non-cooperation including his disregard of the AGC's repeated requests for documents and his default on a judicial subpoena. The extensions granted to respondent by the AGC do not waive his obligation to cooperate with the AGC or comply with this Court's subpoena. Further, the AGC is not required to provide respondent with a "final, date-certain directive" to meet its burden pursuant to 22 NYCRR 1240.9(a).
Respondent's conduct warrants granting the AGC's motion to suspend (see e.g. Matter of Espinoza, 200 AD3d 21 [1st Dept 2021]; Matter of Fox, 197 AD3d at 41; Matter of Miller, 170 AD3d 1 [1st Dept 2019; Matter of Moreno, 149 AD3d 65 [1st Dept 2017]).
Accordingly, the AGC's motion should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for interim suspension, pursuant to 22 §§ NYCRR 1240.9 (a), is granted, and respondent, David L. Moss, is suspended from the practice of law in the State of New York effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, David L. Moss, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, David L. Moss, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, David L. Moss, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith, and
It is further Ordered that, within 20 days of the date of service of this order, respondent David L. Moss, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9[c]).
Entered: May 28, 2026

Footnotes

Footnote 1
Respondent appears pro se.