Matter of Hoffman (2020 NY Slip Op 01726)





Matter of Hoffman


2020 NY Slip Op 01726


Decided on March 12, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Barbara R. Kapnick, Justice Presiding,
Ellen Gesmer
Jeffrey K. Oing
Anil C. Singh
Peter H. Moulton, Justices.


M-8715

[*1]In the Matter of Melvin W. Hoffman, (admitted as Melvin Warren Hoffman), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Melvin W. Hoffman, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Melvin W. Hoffman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 26, 2004.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Norma Lopez, of counsel), for petitioner.
Respondent pro se.



Per Curiam.


Respondent Melvin W. Hoffman was admitted to the practice of law in the State of New York by the First Judicial Department on July 26, 2004, under the name Melvin Warren Hoffman. Respondent's last registered address was within the First Judicial Department. He last registered with OCA in June 2017.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to 22 NYCRR 1240.9(a)(3) and (5), immediately suspending respondent, a solo practitioner, from the practice of law until further order of this Court based on his failure to answer three complaints and other uncontroverted evidence of misconduct, namely, bank records allegedly evidencing that he converted and/or misappropriated client funds.
In 2018, the AGC received a complaint from the New York City Department of Education (DOE) alleging that respondent had mishandled two matters. In 2015, respondent was retained by M.P. and E.S., both of whom are parents of special needs children, to sue the DOE for tuition reimbursement for the private school attended by their children. Respondent settled both cases, but he allegedly failed to complete the necessary paperwork to allow the DOE to release the tuition funds, which resulted in the school not being paid. Respondent also allegedly stopped communicating with his clients.
In January 2019, the AGC received a complaint from Mr. and Mrs. C. alleging that respondent had settled their action against the DOE for tuition reimbursement for their special needs child and that between February 2014 and August 2015, the DOE remitted a total of $101,475 which was deposited into respondent's escrow account (as escrow agent) for payment of their child's tuition, but he failed to pay the funds to the school. In August 2019, the parents obtained a default judgment against respondent for $101,475 which he has not satisfied.
In April 2019, the AGC received a complaint alleging that respondent failed to disburse settlement funds he received on behalf of R.Y., a special needs child whose mother, T.D., retained respondent in or about 2017 to bring an action for tuition reimbursement against the DOE. The action settled and between January and February 2018 the DOE wired $58,100 into respondent's escrow account which he allegedly failed to disburse on behalf of his client.
In July and August 2018, the AGC sent two letters to respondent's last registered address in which the Committee requested an answer to the DOE's complaint related to the first two matters. The letters were returned as undeliverable. Committee Investigator George Cebisch located respondent in Winchendon, Massachusetts. Between August and September 2018, the AGC sent two letters to respondent in Winchendon requesting that he answer an enclosed complaint. He failed to respond.
In February 2019, Cebisch contacted respondent by telephone. Respondent advised Cebisch that he had received the complaint but asserted that he did not know how to respond and was physically unable to do so. Between April and July 2019, AGC Staff Counsel telephoned respondent, but he failed to answer his phone. Phone messages were left for him, but he did not contact the Committee.
On July 3, 2019, AGC Staff Counsel informed respondent by telephone that two additional complaints had been filed against him and that his written answers to all three complaints were due by July 22, 2019. AGC Staff Counsel also directed respondent to provide certain bookkeeping records for his escrow account which he was obligated to maintain under the New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15(d)(1). Respondent stated that he would answer the complaints and provide the requested bookkeeping records. He did not do so.
In letters to respondent dated July 2, 2019 but delivered July 5, 2019, the Committee again requested that respondent answer the three complaints discussed above and enclosed copies thereof. The letters, sent by first class mail, were not returned to the AGC. According to a printout from the USPS's website, the letter sent by certified mail pertaining to the first complaint was "Delivered, Left with Individual" (but no signed return receipt was included), and the signature on the return receipt for the certified letter pertaining to the third complaint does not appear to be that of respondent.
On July 24, 2019, AGC Staff Counsel again spoke with respondent by telephone and he told her that he was still working on the answers and would complete and mail them by July 26, 2019. As to the requested bookkeeping records, respondent stated that he did not have them. Notwithstanding his representation, respondent did not answer the complaints.
Thereafter, on July 31, 2019, AGC Staff Counsel spoke with respondent by telephone. He stated that he had not answered the complaints, that he had not been working on providing answers, and denied ever having received them, notwithstanding their prior conversations. By letter dated August 2, 2019, the Committee again provided respondent with copies of the three complaints, directed him to submit written answers by August 14, 2019, and cautioned him that failure to do so could result in his interim suspension. Printouts from the USPS's website showed that the letter sent by priority mail was "Delivered, In/At Mailbox" on August 5; and the letter sent by certified mail was "Delivered, Left with Individual" on August 6, 2019, but the signature on the return receipt is not that of respondent. Respondent did not answer the complaints.
On August 7, 2019, AGC Staff Counsel again attempted to speak with respondent by telephone but was advised that respondent no longer wished to speak with anyone from the Committee; however, it was confirmed that the AGC's letters had been given to him. In a letter dated August 15, 2019, the Committee again provided respondent with copies of the complaints and the prior correspondence, directed him to submit answers by August 26, 2019, and cautioned him that his continued failure to do so could result in his interim suspension. Printouts from the USPS's website showed that on August 17, 2019 the letter sent by priority mail was "Delivered, In/At Mailbox", and the letter sent by certified mail was "Delivered, Left with Individual" but again the signature on the return receipt is not that of respondent. Respondent did not answer the complaints as directed.
To date, respondent has not answered the three complaints, nor has he provided the requested bookkeeping records.
The AGC obtained respondent's escrow account records directly from his bank pursuant to a judicial subpoena. As to the second complaint, the records confirm that between February 2014 and August 2015 the DOE issued a total settlement of $101,475, of which $66,475 was wired into respondent's escrow account. However, the bank records do not show the $35,000 check issued by the DOE on August 12, 2015 as having been deposited into the escrow account.
The AGC cites to the fact that following the deposit of the first installment of $36,475 on February 5, 2014, the account balance fell to $31,999.06 on March 24, 2014; and following the deposit of the second installment of $30,000 by May 12, 2014 (which brought the total amount received to $66,475), the account balance fell to $23,664.06 on May 22, 2014 without any evidence of a tuition payment having been made on behalf of Mr. and Mrs. C. The AGC asserts that during the aforementioned period respondent disbursed funds via online transfers to a checking account [FN1] and issued escrow checks to persons other than Mr. and Mrs. C. or their child's school.
As noted above, in August 2019, a $101,475 default judgment was obtained against respondent which he has not satisfied.
In the third matter, the DOE wired the $58,100 settlement funds into respondent's escrow account in two installments of $57,800 and $300 on January 31 and February 2, 2018, respectively. The AGC asserts that the bank records establish that between January 31 and May 22, 2018 respondent disbursed escrow funds in other client matters, but no funds were disbursed to T.D. or to the child's school. The Committee also notes that as of May 22, 2018, the account [*2]balance had fallen to $877.39, and that, following an electronic transfer of $700 on July 30, 2018, the account balance fell to $177.39.
The AGC argues that respondent's failure to answer the complaints evidences a willful refusal to cooperate with the Committee's investigation and his bank records evidence that he converted and/or misappropriated client funds in violation of rule 1.15(a) for which his interim suspension, pursuant to 22 NYCRR 1240.9(a)(3) and (5), is warranted.
On December 4, 2019, the Committee personally served respondent, by hand, with the motion but he has not submitted a response.
We grant the Committee's motion for interim suspension, solely based on respondent's failure to answer the three complaints at issue (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9[a][3]) (see e.g. Matter of Edwards, 171 AD3d 221 [1st Dept 2019]; Matter of Miller, 170 AD3d 1 [1st Dept 2019]; see Matter of Matic, 165 AD3d 45 [1st Dept 2018]).
The AGC has clearly demonstrated that respondent was on notice of the three complaints. For a year and a half the AGC has made numerous attempts to contact respondent in multiple locations, by letters and phone calls. Respondent was also personally served with papers. Respondent was given ample opportunity to respond to the complaints. He willfully failed to comply and failed to assert any explanation for his noncompliance.
Accordingly, the Committee's motion for immediate suspension should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 1240.9(a)(3), effective immediately, and until further order of this Court.
All concur.
Order filed. [March 12, 2020]
The Attorney Grievance Committee's motion is granted and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(3) and (5), effective the date hereof, and until further order of this Court.



Footnotes

Footnote 1: The online transfers arguably violated (22 NYCRR 1200.0) rule 1.15(e) which requires that all withdrawals from an attorney special account be to named payees.