Matter of Soloway (2021 NY Slip Op 04791)





Matter of Soloway


2021 NY Slip Op 04791


Decided on August 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 26, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Cynthia S. Kern
Jeffrey K. Oing
Peter H. Moulton
Manuel J. Mendez, JJ.


Motion No. 2021-02474 Case No. 2021-02689 

[*1]In the Matter of Lavi S. Soloway, (Admitted as Lavi Sholem Soloway), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lavi S. Soloway, (OCA Atty. Reg. No. 2502516), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 21, 1992.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Lavi S. Soloway was admitted to the practice of law in the State of New York by the First Judicial Department on September 21, 1992, under the name Lavi Sholem Soloway. Respondent's last registered address is in California, where he resides.
The Attorney Grievance Committee (AGC) moves for an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a) (1) and (3), immediately suspending respondent from the practice of law until further order of this Court, based on his failure to answer two complaints and failure to appear for a deposition as directed by judicial subpoena.
In January 2020, a client (client #1) filed a complaint alleging that respondent had mishandled her immigration matter in that he gave her "wrong and late instruction" regarding her court date which resulted in a removal order being entered against her in absentia. Although he filed a last-minute motion to reopen her case, the court denied the motion because it was evidentiarily insufficient, noting the absence of an affidavit from the client concerning her nonappearance.
By a March 9, 2020 letter sent to his last registered business address, the AGC requested respondent submit a written answer to the client's complaint within 20 days. The letter was not returned, and respondent did not submit an answer. By a June 11, 2020 email sent to the email address respondent last registered with OCA the AGC again requested that he answer the client's complaint within 20 days. The AGC received back an automated reply which stated, in sum and substance, that respondent's law office had been closed since March 12 due to the COVID-19 pandemic, he was working full time from his home, and he provided a telephone number at which he could be reached. Between May 7 and July 29, 2020, an AGC paralegal called respondent and left voice mail messages regarding submitting an answer to the client's complaint, but respondent failed to return any of the telephone calls.
In the meantime, in July 2020, the AGC received a complaint from another client (client #2). This client alleged that: he retained and fully paid respondent to handle his mother's immigration matter (an application for a "green card" for which this former client was the sponsoring relative); in December 2019, respondent notified him that the U.S. Citizenship and Immigration Service (USCIS) had requested additional documentation which was due by March 2020; the client provided respondent with all the needed documentation; and, on March 23, 2020, he spoke with respondent who confirmed that the documents would soon be submitted to the USCIS and everything was on track. In June 2020, the client emailed and called respondent for a status update, but he received no response. He then contacted USCIS to inquire as to the status of his mother's application and was informed that they never received any of the [*2]requested documentation. The client alleged further that respondent has not responded to his multiple attempts to reach him via emails, telephone calls and voice mails; respondent's negligence will likely result in denial of his mother's application; and respondent still has the originals of the requested documents which the client desperately needs back. To date, respondent has not answered the client's complaint.
By a September 25, 2020 letter, sent to respondent's last registered business address, the AGC again requested that he answer client #1's complaint within 20 days and advised him that his "unexcused failure to submit an answer to this complaint constitutes professional misconduct subject to discipline"; USPS tracking information shows that the letter was "Delivered, in/at mailbox" on September 28 but no answer was received. By an October 26, 2020 letter, again sent to respondent at his last registered business address by first class and certified mail return receipt requested, the AGC requested that he answer client #1's complaint within 10 days and advised him that failure to do so could result in his interim suspension. The AGC received back the return receipt signed by an individual and USPS tracking information shows that the first class mailing was "Delivered, in/at mailbox" on October 28. Respondent did not answer the complaint as directed.
By two December 2, 2020 letters, sent to respondent at his last registered business address by priority and certified mail return receipt requested, the AGC requested that he submit answers to client #1's and client #2's complaints within 10 days and advised him that failure to do so could result in his interim suspension and/or formal charges. The certified mailings were returned to the AGC both marked "Return to Sender Attempted — Not Known Unable to Forward"; but USPS tracking information shows that the priority mailings were "Delivered, Left with Individual" and "Delivered, Front Door/Porch" on December 7 and 9, respectively. Respondent did not reply to the letters.
By two January 6, 2021 letters, also sent to respondent at his last registered business address by priority and certified mail return receipt requested and by emails, the AGC again directed him to submit answers to client #1's and client #2's complaints within 1o days and again warned him that failure to do so could result in disciplinary action, including his interim suspension. The AGC received back return receipts again signed by the same individual as last time and USPS tracking information shows the priority mailings were "Delivered, Left with Individual" on January 14 and 15, respectively; the emails, which were sent to respondent's last registered email address from which, as noted, the AGC had previously received an automated reply from respondent stating that he was working from home due to the COVID-19 pandemic, were returned to the AGC as undeliverable with the message "[t]he recipient's domain, solowaylawgroup.com[*3], doesn't exist." Respondent did not answer the complaints.
On March 5, 2021, an AGC process server served a judicial subpoena on respondent at his California law office, which directed him to appear at an examination under oath on March 16, 2021. Due to the COVID-19 pandemic, the AGC was conducting depositions remotely, and by March 15, 2021 emails it provided respondent with the link by which he was to appear for his virtual deposition; the email sent to respondent's last registered email address was again returned as undeliverable with a message stating that the domain did not exist, but the email sent to a Gmail address provided by his former law partner was not returned. Respondent did not appear for the deposition as directed, nor did he contact the AGC.
By a March 18, 2021 letter, sent to respondent's last registered business address by first class and certified mail return receipt requested and by email, AGC Staff Counsel advised him that his deposition had been rescheduled for April 13, 2021, informed him that a remote link by which he could appear would be sent to the aforementioned email addresses, and asked him to promptly inform the AGC if there was an alternative email address to which the link should be sent. As before, the email sent to his last registered business email address was returned as undeliverable, but the email sent to the Gmail address was not returned. USPS tracking information shows that the certified mailing was returned "because the forwarding order for this address is no longer valid" but the first-class mailing was not returned. Respondent did not appear for the deposition as directed.
On May 13, 2021, AGC Staff Counsel called respondent and left a voice mail message asking him to contact the Committee as soon as possible regarding the two complaints at issue. By emails of the same date, AGC Staff Counsel reiterated her voice mail message and advised respondent that his continued failure to cooperate could result in his interim suspension; the emails sent to his last registered business email address were again returned as undeliverable, but the email sent to the Gmail address was not returned. On May 18, 2021, AGC Staff Counsel again left respondent a voice mail message asking him to contact the Committee, but he failed to do so.
By a May 19, 2021 letter, sent by priority and certified mail return receipt requested to respondent at the home address he last registered with OCA AGC Staff Counsel directed him to submit answers to client #1's and client #2's complaints within 10 days and again warned him that failure to do so could result in his interim suspension. USPS tracking information shows that the mailings were "Delivered, In/At Mailbox" and "Delivered, Left with Individual" on May 22. To date, respondent has not answered the two complaints at issue, nor has he appeared for a deposition as directed by judicial subpoena.
The AGC argues that respondent's failure to submit answers to the two complaints[*4], despite repeated requests from the Committee, and his failure to appear for a deposition as directed by judicial subpoena, warrant his interim suspension pursuant to 22 NYCRR 1240.9(a)(1) and (3). On June 23, 2021, a process server served the motion on respondent at his last registered business address in California pursuant to CPLR 308(4) (i.e., "nail and mail" service); prior to which, on June 16, the AGC sent respondent the motion at the same address by priority and certified mail return receipt requested and by email, but he has not submitted a response.
22 NYCRR 1240.9(a) provides for an interim suspension:
"upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: (1) the respondent's default in responding to a notice to appear for examination, or pursuant to subpoena under these Rules; (3) the respondent's failure to comply with a lawful demand of a Committee in an investigation under these Rules "
This Court finds that the Committee has met its burden and respondent is immediately suspended until further order of this Court (see Matter of Frieary, 190 AD3d 7 [1st Dept 2020]; Matter of Hoffman, 183 AD3d 61 [1st Dept 2020]; Matter of Matic, 165 AD3d 45 [1st Dept 2018]).
Accordingly, the AGC's motion should be granted, and respondent is suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee's motion is granted and respondent Lavi S. Soloway (admitted as Lavi Sholem Soloway) is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9 (a) (1) and (3), effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and
It is further ordered that respondent Lavi S. Soloway (admitted as Lavi Sholem Soloway) is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; that respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto, all effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court. Respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further ordered that, within 20 days of the date of service of this decision, respondent Lavi S. Soloway (admitted as Stephen Lavi Sholem Soloway) may submit a request, in writing, to this Court for a post suspension hearing (see 22 NYCRR 1240.9 [c]).
Entered[*5]. August 26, 2021