Matter of Amankwaa (2023 NY Slip Op 05664)

Matter of Amankwaa

2023 NY Slip Op 05664

Decided on November 09, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Anil C. Singh,J.P.,
Lizbeth González
Tanya R. Kennedy
Julio Rodriguez III
Bahaati E. Pitt-Burke, JJ.

Motion No. 2023-03307 Case No. 2023-03774 

[*1]In the Matter of Kofi O. Amankwaa, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Kofi O. Amankwaa (Admitted as Kofi Owusu Amankwaa) (OCA Atty. Reg. No. 2742773), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 4, 1996.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Jun H. Lee, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Kofi O. Amankwaa was admitted, as Kofi Owusu Amankwaa, to the practice of law in the State of New York by the First Judicial Department on March 4, 1996. He was engaged in the practice of law within the First Judicial Department during certain of the events at issue.
By motion dated July 12, 2023, the Attorney Grievance Committee (AGC) seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3), immediately suspending respondent from the practice of law and until further order of this Court, based on his failure to answer five complaints, submit responsive answers to four other complaints, and produce nine client files as repeatedly requested by AGC and directed by judicial subpoena.
Between October 25, 2022 and April 23, 2023, AGC received four complaints from respondent's clients or their family members, each alleging that respondent submitted immigration filings in their respective matters, which unbeknownst to the clients at the time, contained fraudulent information, including false allegations of domestic violence by a family member as a basis for status or relief under the immigration laws.
Between December 9, 2022 and May 23, 2023, AGC sent respondent a total of 11 letters by email and priority mail directing him to submit a written answer to each of the four complaints and advising him that failure to do so could result in his interim suspension. Respondent did not answer any of the complaints. Further, between February 28 and April 6, 2023, an AGC investigator called respondent's office three times and left messages requesting that respondent contact AGC. Respondent did not return any of the calls.
On May 3, 2023, respondent was served with a judicial subpoena directing him to appear before AGC on May 31, 2023, for an examination under oath, and to produce his entire client files for the four matters. Respondent appeared on May 31st as directed, but did not produce the clients' files. During his testimony, respondent acknowledged that he received the four complaints, and failed to submit answers as directed. While respondent claimed to be overwhelmed by the demands of his law practice (approximately 2,000 client matters), he admittedly did not contact AGC to request additional time to answer the complaints.
On June 26, 2023, AGC received two three sentence answers to two of the four complaints. Respondent's answers failed to address his alleged fraudulent conduct. By June 28, 2023 emails, AGC directed respondent to submit responsive answers and the two clients' files by July 5, 2023 and again warned him that failure to comply could result in AGC moving for his interim suspension. By June 28, 2023 emails, AGC directed respondent to answer the two other complaints and to submit the clients' files by July 5, 2023, again warning him that his continued failure to cooperate could result in his interim suspension. To date, respondent has not submitted responsive answers to any of the four [*2]complaints, nor produced the clients' files.
Between April 28 and May 9, 2023, AGC received five additional complaints against respondent from his clients or their family members, alleging that respondent submitted fraudulent immigration filings, again including false allegations of domestic violence by a family member. Respondent submitted brief answers to two of the five new complaints, which failed to address his alleged fraudulent conduct. By June 28, 2023 emails, AGC directed respondent to submit responsive answers and copies of the clients' entire files by July 5, 2023 and warned him that failure to comply could result in his interim suspension. To date, respondent has not submitted responsive answers, nor has he produced the clients' files.
As to the three remaining complaints, between May 1 and June 28, 2023, AGC emailed respondent nine letters directing him to answer the complaints and to produce the clients' files, with repeated warnings that his continued failure to cooperate could result in his interim suspension. To date, respondent has not complied.
Respondent was personally served with AGC's motion at his last registered business address, pursuant to CPLR 308 (2), but he has not submitted a response.
We find that AGC met its burden and respondent should be immediately suspended until further order of this Court. The record establishes that for approximately seven months, AGC has repeatedly requested that respondent answer the nine complaints and produce the relevant client files. However, respondent failed to submit responsive answers to four of the complaints, failed to answer five others, and failed to produce the clients' files as directed by judicial subpoena and AGC's emails. Respondent therefore "fail[ed] to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under [the Rules for Attorney Disciplinary Matters]" (22 NYCRR 1240.9 [a] [3]; see e.g. Matter of Tessler, 215 AD3d 61 [1st Dept 2023]; Matter of Espinoza, 200 AD3d 21 [1st Dept 2021]; Matter of Greenblum, 199 AD3d 84 [1st Dept 2021]; Matter of Hoffman, 183 AD3d 61 [1st Dept 2020]; Matter of Thomas, 155 AD3d 61 [1st Dept 2017]).
Accordingly, AGC's motion should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee's motion to immediately suspend respondent pursuant to 22 NYCRR 1240.9(a)(3) is granted, and respondent Kofi O. Amankwaa, admitted as Kofi Owusu Amankwaa, is suspended from the practice of law in the State of New York effective immediately, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Kofi O. Amankwaa, admitted as Kofi Owusu Amankwaa, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee [*3]of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Kofi O. Amankwaa, admitted as Kofi Owusu Amankwaa, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Kofi O. Amankwaa, admitted as Kofi Owusu Amankwaa, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: November 9, 2023