Matter of King (2024 NY Slip Op 03138)

Matter of King

2024 NY Slip Op 03138

Decided on June 11, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
David Friedman
Tanya R. Kennedy
Marsha D. Michael
LlinÉt M. Rosado, JJ.

Motion No. 2024-00730 Case No. 2024-00846 

[*1]In the Matter of Michael O. King, Jr., an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael O. King, Jr. (Admitted as Michael Orrin King, Jr.) (OCA ATTY. REG. NO. 5783071), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael O. King, Jr., was admitted, as Michael Orrin King, Jr., to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 23, 2020.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Jun H. Lee, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Michael O. King, Jr. was admitted to the practice of law in the State of New York by the Third Judicial Department on January 23, 2020, under the name Michael Orrin King, Jr. He was also admitted to the practice of law in the State of Michigan on December 11, 2007. At all times relevant to this proceeding, respondent's registered business address on file with the Office of Court Administration (OCA) was within the First Judicial Department. According to OCA records, respondent's home address is in Grand Rapids, Michigan and he has not listed a business address there.
By notice dated January 29, 2024, the Attorney Grievance Committee (AGC) moves under Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a)(3) to suspend respondent from the practice of law on an interim basis, based on his failure to comply with its lawful demands, during the pendency of its investigation into 10 separate complaints against him. Despite having been served with the AGC's motion respondent has not opposed it, or otherwise appeared in this action.
The sequence of events is as follows:
The AGC represents that it received a complaint against respondent from a client who retained respondent to represent the client in a child custody matter. The client claims that respondent failed to diligently represent her and did not comply with her requests for a refund. On September 27, 2021, the AGC requested that respondent submit a written answer to the client's complaint. Respondent answered this complaint on October 15, 2021 but failed to provide the AGC with the additional information it requested.
The AGC represents that it received a second complaint against respondent from a client who retained respondent to represent the client in a child custody matter. The client claims that respondent failed to diligently represent him and had not communicated with him about the developments in his case. On July 22, 2022, the AGC emailed respondent requesting that he submit a written answer to the client's complaint. Respondent answered this complaint on September 26, 2022 but failed to provide the AGC with the additional information it requested.
The AGC represents that it received a third complaint against respondent from a client who retained him to represent the client in a probate matter. The client claims that respondent failed to represent her in a diligent manner and failed to refund her [*2]legal fees as requested. On December 1, 2022, and January 3, 2023, the AGC emailed respondent a copy of the third complaint requesting that he submit a written answer within 20 days. Respondent failed to do so. On February 1, 2023, respondent was examined under oath in accordance with a subpoena and on February 10, 2023, the AGC emailed him a third time requesting a written answer to the third complaint within five days.
Respondents' examination under oath continued February 15th, 21st, and 22nd. At the February 22nd examination the AGC gave respondent another five days to comply with the AGC's request for an answer. Respondent has failed to submit an answer.
The AGC represents that it received a fourth complaint against respondent from a client who retained respondent to represent the client in a divorce and related family matter. The client claims that respondent failed to communicate with him and represent him diligently. The AGC emailed respondent on March 30, 2023, and April 27, 2023, requesting that respondent submit an answer to this complaint.[FN1] Respondent has failed to submit an answer to this complaint.
The AGC represents that it received a fifth complaint against respondent from a client who retained respondent in a domestic relations matter. The client claims that she was unable to get in touch with respondent after numerous calls and emails. The AGC emailed respondent on three separate occasions [FN2] requesting that he answer this complaint. To date he has failed to submit an answer.
The AGC states that it received a sixth complaint against respondent from a client who retained respondent in a divorce matter. The client alleged that she had difficulty getting in touch with respondent and that he did not diligently perform the work that she retained him to do. The AGC emailed respondent on three separate occasions [FN3] requesting that he submit a written answer to this complaint. To date respondent has failed to submit an answer.
The AGC represents that it received a seventh complaint against respondent from a client who retained respondent in May 2022. In December 2022, the client received an email stating that respondent's law practice was being sold. The client claims that she requested several times that respondent issue her a refund, but he failed to do so. The AGC has emailed respondent on three separate occasions requesting that he submit a written answer to this complaint. To date, respondent has failed to submit an answer.
The AGC represents that it received an eighth complaint against respondent from a client who retained respondent to represent him in a divorce matter. The client claims that respondent did not diligently represent him, and he was unable to get in touch with respondent after numerous tries. The AGC emailed respondent on three separate occasions [FN4] requesting that he submit an answer to this complaint. To date respondent has failed to submit an answer.
The AGC represents that it received a ninth complaint against [*3]respondent from a client who retained respondent in a child support matter. The client claims that respondent did not appear on the first day of trial and the client had trouble getting in touch with him. The AGC emailed respondent on two separate occasions [FN5] requesting that he submit an answer to this complaint. To date he has failed to submit an answer.
The AGC represents that it received a tenth complaint against respondent from a client who retained respondent on behalf of her father in a divorce action. The client alleged that respondent had not filed any documents to commence her father's divorce action. The AGC emailed respondent on two separate occasions [FN6] and requested that he answer this complaint. To date respondent has failed to submit an answer.
Under 22 NYCRR 1240.9 (a)(3), a respondent may be suspended from the practice of law on an interim basis during the pendency of an investigation or proceeding upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based on the respondent's failure to comply with a lawful demand in an investigation or proceeding. Respondent has not answered 8 of the 10 complaints against him. The AGC has emailed him numerous times and has sent a total of 18 letters to his Michigan address requesting that he answer these complaints. None of the emails or letters that were sent to respondent have been returned as undeliverable. Despite having received these communications he has failed to communicate with the AGC regarding these complaints. Furthermore, respondent has not opposed this motion, or otherwise appeared in this proceeding, despite having been personally served with the AGC's moving papers, which demonstrates his "disregard for his fate as an attorney in this state" (Matter of Jones, 212 AD3d 1068, 1069 [3d Dept 2023]).
We find that the AGC has presented sufficient evidence for this Court to immediately suspend respondent under NYCRR 1240.9 (a)(3), based on a failure to provide written answers to 8 of the 10 complaints filed against him, despite being served with copies of the complaints and the AGC's requests that he do so. He has also failed to comply with the AGC's request for additional information. Respondent has failed to comply with a lawful demand of the AGC in its investigation, warranting his interim suspension (see Matter of Amankwaa, 221 AD3d 107 [1st Dept 2023]; Matter of Hoffman, 183 AD3d 61 [1st Dept 2020]).
Accordingly, the AGC's motion should be granted, and respondent suspended from the practice of law, effective immediately pursuant to 22 NYCRR 11240.9 (a)(3), and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee's motion to immediately suspend respondent pursuant to 22 NYCRR 1240.9(a)(3) is granted and respondent Michael O. King, Jr., admitted as Michael Orrin King, Jr., is suspended from the practice of law effective immediately, and until the further [*4]order of this Court; and
It is further Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Michael O. King, Jr., admitted as Michael Orrin King, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that the respondent Michael O. King, Jr., admitted as Michael Orrin King, Jr., shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 240.15), which are made a part hereof; and,
It is further Ordered that if the respondent Michael O. King, Jr., admitted as Michael Orrin King, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: June 11, 2024

Footnotes

Footnote 1: In these emails, and all subsequent emails and letters that respondent received from the AGC, the AGC stated that unless respondent submits an answer to the above complaint, he will be subject to discipline. 

Footnote 2: Respondent was first emailed on April 28, 2023, requesting that he submit a written answer within 20 days, he then received a second email on May 23, 2023, requesting a written answer within 10 days and a third email on July 26, 2023, requesting a written answer within seven days.

Footnote 3: Respondent was first emailed on April 28, 2023, requesting that he submit a written answer within 20 days, he then received a second email on June 15, 2023, requesting a written answer within 10 days and a third email on July 26, 2023, requesting a written answer within seven days.

Footnote 4: Respondent was first emailed on April 28, 2023, requesting that he submit a written answer within 20 days, he then received a second email on May 23, 2023, requesting a written answer within 10 days and a third email on July 26, 2023, requesting a written answer within seven days.

Footnote 5: Respondent was first emailed on July 28, 2023, requesting that he submit a written answer within 20 days, he then received a second email on August 21, 2023, requesting a written answer within 10 days.

Footnote 6: Respondent was first emailed on September 5, 2023, requesting that he submit a written answer within 20 days, he then received a second email on September 28, 2023, requesting a written answer within 10 days.