Matter of Yusufov (2024 NY Slip Op 06305)

Matter of Yusufov

2024 NY Slip Op 06305

Decided on December 17, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Justice Presiding
Anil C. Singh David Friedman Manuel Mendez John R. Higgitt
Justices.

Motion No. 2024-04983 Case No. 2024-02367 

[*1]In the Matter of Allen Yusufov, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Allen Yusufov (OCA Atty. Reg. No. 5239132), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Allen Yusufov, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on March 11, 2014.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Norma I. Lopez, of counsel), for petitioner.
Respondent, pro se.

PER CURIAM 

Respondent Allen Yusufov was admitted to the practice of law in the State of New York by the Third Judicial Department on March 11, 2014. At all times relevant to this proceeding, respondent maintained a registered business address within the First Judicial Department.
This matter arose out of respondent's alleged misappropriation of client funds and subsequent failure to cooperate with the Attorney Grievance Committee (Committee) and failure to appear in defiance of a judicial subpoena.
On October 4, 2022, respondent's client, S.M., filed a complaint with the Committee. S.M. alleged that she retained respondent to represent her in the purchase of a co-op apartment, and she provided the seller's attorney with a $75,000 down payment. Her application was ultimately rejected. On July 27, 2022, she emailed respondent to inquire about the status of the down payment, and respondent assured her that the money was refundable.
S.M. emailed respondent again on August 9, 2022, and he told her that he confirmed with the seller's attorney that the check was on its way to his office. On August 13, 2022, S.M. sent another email to respondent, and he replied two days later,
stating that he believed the check had arrived at his office and he would send it to her via overnight mail. He did not.
S.M. sent additional emails to respondent on August 23, 25, and 29, 2022. On August 31, 2022, respondent emailed S.M. and told her that he had been in an accident, would be discharged the same day, and would return the money immediately upon his release. He again failed to do so.
S.M. emailed respondent on September 8 and 9, 2022, but he did not reply. On September 10, 2022, S.M. contacted the seller's attorney, who provided her with a copy of the $75,000 check and proof-of-delivery via FedEx demonstrating that respondent signed for the check on August 11, 2022. The seller's attorney also provided the Committee with a copy of the front and back of the check, which was payable to S.M. but endorsed to respondent, along with his bank statement indicating the withdrawal of the $75,000.
On January 30, 2023, the Committee emailed S.M.'s complaint to the email address listed on respondent's Office of Court Administration (OCA) registration and requested an answer. The Committee received a delivery receipt, but respondent did not answer. The Committee sent a second request for an answer by certified mail return receipt requested (CMRRR) and priority [*2]mail with tracking to respondent's OCA business address and home address. The letter cautioned respondent that failure to cooperate could result in his interim suspension. The business address envelopes were returned with a notation stating, "Attempted Not Known." USPS tracking indicated that the letter sent to respondent's home address was delivered, and the CMRRR receipt was signed, but the name was illegible. Respondent again failed to submit an answer.
On March 29, 2023, the Committee attempted to personally serve respondent with a judicial subpoena from this Court at his business and home addresses. The process server was unable to serve respondent at the business address, noting in his affidavit that respondent's name was not listed in the building's mail room. The attempt at respondent's home address also failed, with the process server noting that the owner of the location stated that respondent had stayed with them but had since left. Committee additionally called respondent and left multiple messages warning him of the consequences of failing to cooperate.
On July 18, 2023, after receiving a voicemail from respondent, the Committee emailed respondent advising him that his failure to cooperate with the Committee may result in his suspension. Respondent's voicemail stated only that he was returning the Committee's call.
The Committee again attempted personal service of the judicial subpoena directing respondent to appear for an examination under oath (EUO) to respondent's new OCA address on August 7, 8, and 9, 2023; however, the process server was unable to locate respondent each time, although his name was listed on the office door. Service was effectuated by affixing a true copy of the subpoena to the same door and mailing the subpoena by first class mail to the same address. Respondent failed to both contact the Committee and appear for the EUO.
On February 12, 2024, the Committee attempted personal service of a subsequent judicial subpoena at a different business address listed with OCA. The process server's affidavit noted that this address did not exist.
The Committee now seeks an order, in accordance with the Rules for Attorney Disciplinary Matters (22 NYCRR) §1240.9(a)(1), (3), and (4), immediately suspending respondent from the practice of law until further order of this Court. On April 29, 2024, by unpublished order, this Court granted the Committee's motion for substituted service of the instant motion and any other filings in this case by first class mail and certified mail to respondent's last known address and email on file. Service was effectuated, but respondent has not submitted a response.
22 NYCRR § 1240.9(a) provides for an interim suspension "upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest." Findings may be based upon, in pertinent part: "the respondent's default in responding to a petition, notice to appear for formal interview, examination, or pursuant [*3]to subpoena under these Rules" (22 NYCRR § 1240.9[a][1]); "the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under these Rules" (22 NYCRR § 1240.9[a][3]); or "the respondent's willful failure or refusal to pay money owed to a client, which debt is demonstrated by an admission, judgment, or other clear and convincing evidence" (22 NYCRR § 1240.9[a][4]).
The Committee has met its burden and there is sufficient evidence to immediately suspend respondent until further order of this Court.
First, between November 2022 and February 2024, the Committee has repeatedly directed respondent to submit an answer to S.M.'s complaint and obtained two judicial subpoenas directing him to appear for an EUO at the Committee's offices. Respondent — despite his awareness of the Committee's repeated efforts — has failed to do either. Moreover, there is evidence that respondent has attempted to avoid the Committee. His OCA business address was updated three times in less than one year, and one of those addresses was confirmed to not exist. As respondent has repeatedly
failed to comply with the Committee's lawful demands, interim suspension is warranted pursuant to 22 NYCRR §§ 1240.9(a)(1) and (3) (see Matter of Grant, 224 AD3d 1 [1st Dept 2024]; Matter of Amankwaa, 221 AD3d 107 [1st Dept 2023]).
Second, interim suspension is warranted pursuant to 22 NYCRR § 1240.9(a)(4), as there is "clear and convincing evidence" of respondent's "willful failure or refusal to pay money owed to a client" (see e.g. Matter of Pierre, 153 AD3d 306 [1st Dept 2017]). By email, respondent admitted to S.M. that the $75,000 check was on its way to his office. He also repeatedly disregarded her numerous requests that he return the down payment. Critically, the seller's attorney provided S.M. with confirmation that the check was delivered to respondent's office and provided the Committee with a copy of the front and back of the check, along with his bank statement indicating withdrawal of the funds. The check was payable to S.M., but endorsed to respondent, which S.M. neither authorized nor was aware of.
Accordingly, the Committee's motion should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for immediate suspension, pursuant to 22 NYCRR §§ 1240.9(a)(1), (3), and (4), is granted, and respondent, Allen Yusufov, is suspended from the practice of law in the State of New York, effective immediately, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Allen Yusufov, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor[*4]-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Allen Yusufov, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR § 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Allen Yusufov, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith, and
It is further Ordered that, within 20 days of the date of service of this order, respondent Allen Yusufov, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR § 1240.9[c]).
Entered: December 17, 2024