Matter of Kaufman (2025 NY Slip Op 01893)

Matter of Kaufman

2025 NY Slip Op 01893

Decided on April 01, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick Presiding Justice
David Friedman Bahaati E. Pitt-Burke John R. Higgitt Kelly O'Neill Levy
Justices.

Motion No. 2024-05488|Case No. 2024-06699|

[*1]In the Matter of Alan Joel Kaufman an attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Alan Joel Kaufman (OCA Atty Reg. 3434297), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Alan Joel Kaufman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 22, 1971.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Alan Joel Kaufman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 22, 1971.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner
Respondent, pro se.
Motion No. 2024-05488 — November 25, 2024
In the Matter of Alan Joel Kaufman, an attorney
Per Curiam
Respondent Alan Joel Kaufman was admitted to the practice of law in the State of New York by the First Judicial Department on February 22, 1971. At all times relevant to this proceeding, respondent maintained a business address in the First Judicial Department.
This matter arose out of respondent's alleged failure to perform agreed upon services for a client, subsequent failure to comply with a judicial subpoena and failure to cooperate with the Attorney Grievance Committee (AGC).
On or about January 11, 2023, the AGC received a complaint from, H.E., a client of respondent, alleging that she retained respondent to review a contract and provided respondent a $350 check for legal fees. After not hearing from respondent for six weeks, H.E. emailed respondent to inquire whether he had reviewed the contract and received her payment. Respondent indicated that he had not reviewed the contract or received the check. H.E. advised that she would be seeking new counsel and instructed respondent to destroy the check. Despite H.E.'s instruction, respondent deposited the check, failed to perform the agreed-upon service, and refused to refund her retainer.
On or about February 22, 2023, the AGC emailed H.E.'s complaint to the email address respondent registered with the Office of Court Administration (OCA) and requested an answer. The email was not returned to the AGC as undeliverable, but respondent did not submit an answer.
On March 22, 2023, the AGC sent a second request for an answer to respondent's email address and to the business address respondent registered with OCA by certified mail return receipt requested (CMRRR) and priority mail with tracking. The letter cautioned respondent that this failure to cooperate could result in his suspension and/or formal charges. United States Postal Service (USPS) tracking records indicated that the letter was delivered to respondent's OCA business address on March 23, 2023, and the email was not returned to the AGC. Respondent again failed to submit an answer.
On February 8, 2024, a third request was sent to respondent's OCA business address and home address by CMRRR and priority mail with tracking. The request for an answer was also sent to the email address listed on respondent's OCA registration. The letter, again, warned respondent that his failure to cooperate may result in suspension and/or formal charges. USPS tracking records indicated that the priority [*2]mail sent to respondent's home address was forwarded to a Florida address and marked delivered. The letters sent to respondent's business address were returned as "Return to sender. Moved." The email was not returned to the AGC as undeliverable, yet respondent again failed to submit an answer.
On March 8, 2024, the AGC sent a fourth letter to respondents' OCA business and home addresses by both CMRRR and priority mail with tracking, and to respondent's email addresses. Respondent was advised again that failure to cooperate may result in his suspension and/or formal charges. The letters sent to respondent's business address were returned as "Return to sender." Respondent, however, replied to the AGC's email on the same day and stated, "[i]f you have a valid claim and if you took the trouble to research this matter you would see that I have been a member in good standing since 1969 and because of the Covid virus I stopped practicing several years ago."
The AGC attempted to serve respondent with a judicial subpoena duces tecum at his OCA business address. The subpoena directed respondent to personally appear and produce H.E.'s client file on May 7, 2024. On April 29, 2024, the process server contacted respondent by telephone and respondent refused to accept service, stating he now resides outside of the United States. There were subsequent attempts to serve respondent at his OCA home address on May 1, 2024, and May 2, 2024. On May 3, 2024, service was again attempted by the process server affixing a true copy of the judicial subpoena to the door of the premises.
On May 22, 2024, the AGC sent a letter along with a copy of the judicial subpoena duces tecum to respondent's business and home addresses by CMRRR and priority mail with tracking, and to respondent's email addresses. The letter informed the respondent of the AGC's attempts to serve him with the subpoena and directed him to appear on June 18, 2024. The email was not returned as undeliverable. Respondent was given the same warnings in regard to the consequences for his failure to cooperate. USPS tracking records indicate that the letters were delivered to respondent's business address on May 24, 2024, and to his home address on June 7, 2024. Respondent did not appear on June 18, 2024, nor did he contact the AGC to explain his failure to appear.
The AGC now seeks an order, in accordance with the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), immediately suspending respondent from the practice of law until further order of this Court based on respondent's failure to comply with a judicial subpoena and failure to cooperate with the AGC's investigation.
22 NYCRR 1240.9(a)(1) and (3) provide, in pertinent part, for interim suspension where the Court finds that an attorney has engaged in conduct immediately threatening the public interest. Findings may be based upon: "the respondent's default in responding to a petition, notice to appear for formal interview, examination[*3], or pursuant to subpoena under these Rules (22 NYCRR 1240.9[a][1]); or "the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under these Rules" (22 NYCRR 1240.9[a][3]).
The AGC has met its burden and there is sufficient evidence to immediately suspend respondent until further order of this Court.
Between February 2023 and May 2024, the AGC repeatedly directed respondent to submit an answer to H.E.'s complaint. Respondent failed to do so, despite his awareness of the AGC's attempt to contact him, as evidenced by respondent's March 8th email response to the AGC's email informing him of the complaint.
Furthermore, respondent repeatedly failed to comply with the AGCs lawful demands and failed to comply with this Court's judicial subpoena. This misconduct threatens the public interest and warrants suspension pursuant to 22 NYCRR 1240.9(a)(1) and (3) (see Matter of Grant, 224 AD3d 1 [1st Dept 2024]; Matter of Amankwaa, 221 AD3d 107 [1st Dept 2023]; Matter of Tessler, 215 AD3d 61 [1st Dept 2023].
Accordingly, the AGC's motion should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for immediate suspension, pursuant to 22 NYCRR 1240.9(a)(1) and (3), and Judiciary Law §468-a is granted, and respondent, Alan Joel Kaufman, is suspended from the practice of law in the State of New York, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of
suspension, respondent, Alan Joel Kaufman, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Alan Joel Kaufman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Alan Joel Kaufman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: April 1, 2025